Dear Ms. Moore:
You have requested an opinion of this Office regarding the extent of state park wardens' ("wardens") jurisdiction over non-State property subject to a public use. Specifically, you ask if the wardens have the authority to police the trails and wilderness of the area adjacent to the Hodges Gardens State Park ("Hodges Gardens") in Sabine Parish. The trails and wilderness are the subject of a right of use ("agreement") granted in favor of the Office of State Parks, a division of the Department of Culture, Recreation Tourism ("CRT"), by the A.J. and Nona Trigg Hodges Foundation ("the Foundation").
As you noted in your request letter, the wardens have been vested with the same authority as regular law enforcement officers when acting on property subject to their jurisdiction by La.R.S. 56:1688. The question naturally follows: are the wardens stripped of their authority to act as law enforcement officers on the property that is not "owned" by the State but rather is merely subject to a "right of use" granted in favor of the State?
It is the opinion of this Office that "ownership" is not the determining factor with respect to the limits of the jurisdiction of park wardens. Rather, the question is whether a particular piece of property is subject to the jurisdiction of CRT. In this instance, it is our opinion that the trails and wilderness area adjacent to Hodges Gardens and subject to the "right of use" are within the jurisdiction of CRT. Thus, the wardens' law enforcement jurisdiction similarly extends over this area for the reasons set forth below.
As an initial matter, the language of La.R.S. 56:1688 is important to this opinion. That statute states, in pertinent part, that: *Page 2 
 A. The secretary of the Department of Culture, Recreation and Tourism may appoint competent men to serve as state park wardens.
 B. State park wardens shall, in addition to the authority otherwise conferred by law upon such officers, be vested with the same authority and powers conferred by law upon regular law enforcement officers of this state while such wardens are acting within the course and scope of their duties on property subject to the jurisdiction of the Department of Culture, Recreation and Tourism, office of state parks.
 C. State park wardens shall have specific authority and responsibility to enforce all rules and regulations of the Department of Culture, Recreation and Tourism, office of state parks, and all laws of the state of Louisiana, within the limits of their jurisdiction.
(emphasis added). It is clear from the unambiguous language of La.R.S.56:1688 that there is no limitation to the wardens' law enforcement authority based on property ownership. Rather, their authority is based on the limits of the property under CRT's jurisdiction. This jurisdiction is identified by analyzing two components:
 (1) the area over which authority is sought to be exercised must be "property" within the meaning of the term under Louisiana law (the "property requirement"); and
 (2) the area must fall within the jurisdiction of the Office of State Parks (the "jurisdiction requirement").
There is little doubt that under Louisiana law, a right of use constitutes a property right. It is an incorporeal immoveable under the Civil Code. La.C.C. Art. 470 and La.C.C. Art. 470, cmt. (b); see also, Langevin v. Howard, 363 So.2d 1209 (La.App. 2 Cir. 1978). Accordingly, it is our opinion that, because the agreement with `the Foundation confers a right of use to the Office of State Parks, the "property requirement" of La.R.S. 56:1688 has been satisfied.
The "jurisdiction requirement" of La.R.S. 56:1688 is met by the language of the agreement with the Foundation. The term "jurisdiction," as you know, means "area of authority."[1] Because a right of use conveys some manner of control over the property and because the agreement permits the Office of State Parks to use the property surrounding Hodges Gardens, such property should be considered to be within the authority of CRT. Thus, it is our opinion that this property is within the jurisdiction of CRT. *Page 3 
We also see no problem with the wardens performing law enforcement duties on private property that is subject to a public use. The classification of the property as "private" does not undermine the authority of the wardens to carry out their law enforcement duties. First, the wardens are lawfully on the property, pursuant to the terms of the agreement. Second, because the agreement permits a public use, it is our opinion that the authority of the wardens is not burdened by the jurisdictional problems of operating on strictly private property that is occasionally mentioned in the jurisprudence. See e.g., State v. Boyer, 2007-0476, p. 19 (La. 10/16/07) 967 So.2d 458, 470-471. Finally, we also find it of no small import that, as officers imbued with the same powers as regular law enforcement officers under La.R.S. 56:1688, the wardens are obligated to ensure the protection of the health, safety and welfare of the public under La.Const. Art. I, Sec. 1. To restrict the wardens' authority based on invisible lines dividing actual ownership and right of use would be to thwart their responsibilities and duties to the public if something untoward were to occur slightly off of the Hodges Gardens property "owned" by the State. Based on the foregoing analysis, it is the opinion of this Office that the wardens' jurisdiction as law enforcement officers extends to the limits of the area covered by the agreement.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By:__________________________
 RYAN M. SEIDEMANN
 Assistant Attorney General
 JDC/RMS/tp
[1] Black's Law Dictionary, 6th ed. at 853 (1990).